Filed 7/20/26  Sandoval v. Perez CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARIA SANDOVAL,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN PEREZ,<br><br>    Defendant and Respondent;<br><br>LOS ANGELES COUNTY CHILD SUPPORT SERVICES DEPARTMENT,<br><br>    Intervener and Appellant. | B347150<br><br>(Los Angeles County<br> Super. Ct. No. BF048134) |

APPEAL from an order of the Superior Court of Los Angeles County, Angela Villegas, Commissioner.  Affirmed.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako, and Ricardo Enriquez, Deputy Attorneys General, for Intervener and Appellant.

No appearance for Respondents.

INTRODUCTION

In 2013, the mother of a minor child filed a petition under the Family Code to determine parentage. In 2014, mother obtained an order requiring the child's father to pay child support. Shortly thereafter, the trial court entered an order dismissing the case. No further action was taken in the case until 2025, when the Los Angeles County Child Support Services Department (Department) filed a motion to modify the child support order pursuant to a stipulation by the parents. In response, the trial court struck the Department's motion, noting that the case had been dismissed in 2014. The Department now appeals, arguing the trial court misinterpreted the 2014 dismissal order and violated the parties' due process rights by striking the Department's motion. We find no error by the trial court and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Maria Sandoval (Sandoval) and Juan Perez (Perez) have one child together. In 2013, Sandoval filed a parentage action alleging Perez was the child's father. Perez subsequently filed a declaration under the Uniform Child Custody Jurisdiction and Enforcement Act acknowledging parentage. In 2014, Sandoval filed a request for order seeking child support from Perez and other relief. The trial court granted Sandoval's request, ordering Perez to pay $300 per month in child support.

Sandoval then filed a request for a domestic violence restraining order against Perez. Sandoval's request was set for hearing on August 6, 2014. Neither Sandoval nor Perez appeared for the hearing. In their absence, the trial court determined Sandoval did not file a proof of service establishing Perez received notice of the request and took Sandoval's request off calendar on its own motion. The court then noted that there were no future hearings

2

scheduled in the case and closed by stating, "The Court [o]rders the case DISMISSED forthwith."[1]

The case then sat dormant for more than a decade until the Department filed a motion to modify the child support order pursuant to a stipulation by the parents. In March 2025, the trial court entered a minute order noting the Department submitted an order for the court's review and signature. However, on April 8, 2025, the trial court issued a new order correcting the March 2025 order nunc pro tunc. The court determined the March order was issued in error because the action was dismissed in August 2014, "and that dismissal has not subsequently been vacated." Having determined the case was dismissed in 2014, the court directed the clerk to remove the Department's motion and related filings from the court's file.

The Department then filed a motion for reconsideration, arguing that the trial court misinterpreted the August 2014 order dismissing the case. On April 21, 2025, the trial court clerk filed a notice of clerical error and correction removing the Department's motion for reconsideration from the court's case management system. The clerk's notice did not provide the basis for this decision, and the record on appeal does not contain an order from the trial court explaining why the Department's motion for reconsideration was removed from the court's file.

---

[1] In full, the order provides: "The matter is called for hearing. [¶] The Court finds and determines there are no appearances by or for either party. [¶] The Court finds the moving papers have NOT been served as of this date as NO Proof of Service is on file with the Court. [¶] The Court takes the matter off calendar on the Court's own motion. [¶] The Court notes the initial Temporary Restraining Orders request by Petitioner was denied and there are no orders to be dissolved. [¶] No future date is currently scheduled in this case and department. [¶] The Court Orders the case DISMISSED forthwith."

The Department timely appealed.

## DISCUSSION

On appeal, the Department argues we must reverse the trial court's April 8, 2025, order concluding the case was dismissed in 2014. The Department contends the trial court erred in interpreting the August 2014 order as dismissing the entire case. Alternatively, the Department argues the trial court violated the parties' due process rights by rejecting the child support stipulation without holding a hearing to allow the parties to argue the issue. We are not persuaded.

### I.     *Legal Standards*

The interpretation of a trial court's written order is governed by the same rules of construction that apply to any other writing. (*Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 473–474.) "Under those rules, the entire order is taken by its four corners and construed as a whole. [Citation.] Also, the order's language is viewed in light of the facts and the issues before the court, and each statement is considered in its proper context. [Citation.]" (*Id.* at p. 474.) We therefore review de novo the interpretation of the trial court's August 2014 order. (See *Mayer v. C.W. Driver* (2002) 98 Cal.App.4th 48, 57 ["Unless resolution depends on the credibility of conflicting extrinsic evidence, the interpretation of a writing involves a question of law for de novo review by the appellate court"].)

### II.     *Analysis*

The Department's arguments on appeal turn on the interpretation of the August 2014 dismissal order. We note that ordinarily, "[i]n the child support field, continuing jurisdiction over child support is the rule." (*In re Marriage of Lusby* (1998) 64 Cal.App.4th 459, 469; accord *Lucachevitch v. Lucachevitch* (1945) 69 Cal.App.2d 478, 484–485 (*Lucachevitch*) [trial court

4

has continuing jurisdiction over child support until child reaches age of majority].) For this reason, family law actions that involve child support are typically not dismissed before the subject child reaches the age of majority. However, if the August 2014 order dismissed the entire action, then the trial court was without jurisdiction to consider the stipulation or the Department's motion in 2025. "A dismissal terminates an action. [Citation.] The dismissal of an entire action deprives the court of subject matter jurisdiction of the matter, as well as of personal jurisdiction over the parties. [Citation.]" (*Estate of Garrett* (2008) 159 Cal.App.4th 831, 838 [an involuntary dismissal deprives the court of jurisdiction over the case].) "An order by a court lacking subject matter jurisdiction is void." (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 909.) Accordingly, if the August 2014 order dismissed the entire action, the trial court had no jurisdiction over the parties or the proffered stipulation in 2025 and had no power to entertain the Department's request to modify the child support order.[2]

As a threshold issue, we must determine whether the court correctly interpreted the August 2014 order. We start with the plain language of the order, which provides: "The Court Orders the case DISMISSED forthwith." The plain language supports the trial court's conclusion that the case was dismissed in 2014.

The Department's arguments to the contrary are unpersuasive. The Department argues that because the only matter pending at the August 6,

---

[2] Though it is not clear from the appellate record, we note the Department concedes that a hearing on its motion to modify the support order was scheduled for March 17, 2025, and that the Department and parents elected not to appear for it. Accordingly, we reject the Department's contention that the trial court's order striking the motion to modify "was issued without any notice or opportunity for the Department or either parent to be heard."

5

2014, hearing was Sandoval's request for a restraining order, the dismissal language quoted above must be construed to apply only to Sandoval's request and not the case as a whole. But this argument is belied by the plain language of the order. In the August 2014 order, the court uses the term "matter" to refer to Sandoval's request for a restraining order. For example, the order notes that, "The matter is called for hearing," and "The Court takes the matter off calendar." The order then switches from discussing the "matter" to discussing the "case" more broadly, noting "there are no orders to be dissolved" and "No future date is currently scheduled in this case and department" before ultimately dismissing "the case."

The term "case" as used by the trial court cannot be reasonably construed to be limited to Sandoval's request for a restraining order. To interpret the order in this manner would render the second half of the order surplusage. Having taken Sandoval's request for a restraining order off calendar, there would be no need for the trial court to note that there was no "future date" set in connection with mother's request, nor any need to additionally "dismiss" mother's request. On appeal, the Department does not explain what "dismissal" could mean in the context of mother's request for a restraining order, other than taking her request off calendar.

Alternatively, the Department argues the trial court's docket noted the case was dismissed for failure to prosecute, which "could only refer to the pending restraining order request because final orders were previously obtained for child custody, visitation, and support." This language in the court docket is of dubious relevance, as there is no indication in the record as to its origin. But even assuming this notation was made at the trial court's direction, the Department's argument is unconvincing. The Department concedes that as of August 2014, the trial court had already entered final

6

orders on custody, visitation, and support. This is consistent with the language in the August 2014 order, noting that there were no future hearings set in the case, and no pending orders remaining to be dissolved. In other words, there was no longer any controversy left to prosecute in the case. This supports the conclusion that the trial court dismissed the entire action in August 2014.

Finally, the Department argues that we should not construe the August 2014 order as dismissing the entire case because it would have been error for the trial court to dismiss the action at that time. This argument is unpersuasive as the plain language of the order makes it clear the trial court dismissed the entire action. While we agree the trial court erred in dismissing the case before the minor child reached the age of majority (*Lucachevitch, supra,* 69 Cal.App.2d at pp. 484–485), we are not free to re-write the trial court's order under the guise of interpreting its language. Instead, the Department's remedy is to bring a motion in the trial court to vacate the order of dismissal, either by satisfying the statutory grounds for vacatur under Code of Civil Procedure section 473 or by making a showing for non-statutory relief on equitable grounds. (See *Olivera v. Grace* (1942) 19 Cal.2d 570, 574–575 [recognizing that trial courts have non-statutory equitable powers to set aside a judgment or dismissal at any time]; accord *Bae v. T.D. Service Co.* (2016) 245 Cal.App.4th 89, 97.)

DISPOSITION

The trial court's April 8, 2025, order is affirmed.  The parties are to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.


We concur:



MORI, J.



COGLIATI, J.*

---

*       Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.